**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

In the Matter of the Estate of )
JOHN WAYNE EVANS, deceased. ) C.A. No. 2021-1022-LM

**POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Final Report: July 22, 2024
Date Submitted: March 13, 2024

1. This final report makes post-trial findings of fact and reaches conclusions of law concerning the biological kinship of Diane Kennedy ("Petitioner") and John Wayne Evans ("Decedent") for the purposes of intestate succession.[1]

2. Petitioner filed this Petition in the Court of Chancery on November 23, 2021, seeking a declaration that she is the biological sister of Decedent, who died intestate on April 29, 2021.[2]

3. Specifically, Petitioner claims to share a biological father, John Thomas Fuller, but not the same mother with the Decedent. John Thomas Fuller passed away in 1989 and Decedent's mother, Dora Evans passed away in 1964.[3]

---

[1] The transcript of the trial held in this matter is cited as "Draft Tr. at __". At the time of this ruling, only the draft transcript has been prepared and citations to it refer to the rough copy of the transcript.

[2] D. I. 1.

[3] D. I. 1.

4. According to Petitioner, at the time of Decedent's death, there were four relatives who stood to have an interest in Decedent's intestate estate.[4] Three nephews: Barclay, Anthony, and Jamal Warren; a niece, Tracey Warren, and Decedent's sister, Marie Poteat.[5]

5. In a January 2022, letter, counsel for Petitioner informed the Court of issues regarding serving the complaint to the interested parties.[6]

6. Future developments led to a request for service of the Complaint by publication.[7] That motion was filed on April 20, 2022[8] along with a Motion for Substitution of a Party because Decedent's sister, Marie Poteat ("Marie"), passed away on March 11, 2022.[9] Marie was survived by her daughter Gloria Fuller ("Gloria").[10] At the time, no estate had been opened for Marie.[11]

7. Subsequent letters to the Court detailed the logistics relating to service of process on the interested parties and the opening of Marie's estate.[12]

---

[4] D. I. 1.

[5] *Id.*

[6] D. I. 5.

[7] *Id.*

[8] D. I. 6.

[9] D. I. 7.

[10] *Id.*

[11] *Id.*

[12] D. I. 9-16.

8. On December 15, 2022, this case was reassigned to me.[13]

9. Following my request for an update on the status of the matter, counsel for the Petitioner indicated further issues related to opening Marie's estate.[14]

10. After a few months of silence, in September of 2023, I requested another status report.[15]

11. About a month later, after successfully opening the estate for Marie Poteat, Petitioner filed a Motion to Substitute Marie Poteat, as a named party, for the Estate of Marie Poteat.[16]

12. I granted the Motion to Substitute on October 31, 2023.[17]

13. In the following months, the Petitioner experienced some issues with service of one of the interested parties that led to a grant for a request of service by publication on December 20, 2023.[18]

---

[13] D. I. 18.

[14] D. I. 20-21.

[15] D. I. 22.

[16] D.I. 24.

[17] D. I. 27.

[18] D. I. 28-33.

3

14. Later, following a substitution of counsel,[19] the Court held a one-day trial on March 13, 2024.[20]

**FINDINGS OF FACT**

15. The evidence presented at trial supports the following findings of fact[21]:

    a. Petitioner and Decedent were raised as siblings, having different mothers and shared the same father. [22]

    b. Their father, John Thomas Fuller, married Petitioner's mother in 1940, months after and in the same year Decedent was born to Dora Evans in North Carolina.[23]

    c. The Petitioner and Decedent's other sibling[24], Marie Poteat, passed away in March of 2022. [25] The siblings all had different mothers but the same father.[26]

---

[19] D. I. 35.

[20] D. I. 41; At trial, none of the interested parties, who were all properly noticed, attended the March 13th hearing. D. I. 48.

[21] Petitioner served as the only witness, and she testified to her relationship with the Decedent.

[22] Draft Tr. at 5:18-19.

[23] *Id.* at 6:18-23.

[24] There was testimony from the petitioner about another sibling named Geraldine. Geraldine passed away in 2008 and is survived by her son, Jeremy Williams. Draft Tr. at 39:4-7.

[25] Draft Tr. at 8:16-23.

[26] *Id.*

d. In the early 1950's, they all moved from the same county in North Carolina, where Decedent and his mother lived and where Petitioner and her mother (Susie Fuller[27]) lived with their father. Decedent moved approximately one year before Petitioner moved with their father and her mother.[28]

e. Petitioner recalled visiting Decedent at his mother's house with their father when he would visit Decedent.[29]

f. At some point, Decedent's mother married and had another child, but according to the Petitioner, Decedent's stepfather never legally adopted him.[30]

g. In or around 1973, the Fuller family started annual family reunions on the Labor Day holiday.[31] The Fuller family reunion was held in different locations each year and was held in Delaware twice. [32] The family also took two cruises.[33] On those occasions, Decedent served on the Fuller family reunion planning committee.[34]

---

[27] *Id.* at 5:24.

[28] *Id.* at 9:12-20.

[29] *Id.* at 10:16-18.

[30] Draft Tr. at 11:19-21.

[31] *Id.* at 14:24-15:5.

[32] *Id.* at 15:6-19.

[33] *Id.* at 15:19-20.

[34] *Id.* at 16:21-22.

h. In a booklet commemorating the 33rd annual Fuller family reunion, Decedent is listed under a picture as "John W. Evans, son of the honoree John Fuller."[35] In addition, both the Decedent and John Thomas Fuller, are identified as descendants of Thomas and Sally Fuller in the directory section of the 33rd annual Fuller family reunion booklet.[36]

i. Decedent also listed Petitioner, by name, as his "Next of Kin" and sister, in his own handwriting, on his funeral preparation documents.[37]

## CONCLUSIONS OF LAW

16. For the purposes of intestate succession, paternity may be established by an adjudication on the merits.[38] The petitioner must establish a showing of paternity by a preponderance of the evidence.[39] The phrase "preponderance of the evidence" has been defined to mean "the greater weight of the evidence."[40]

17. Where an individual asserts heirship in claiming the right to an intestate share of a decedent's estate, that individual bears the burden of proving heirship.[41]

---

[35] Trial Ex. P11.

[36] Trial Ex. P08.

[37] Trial Ex. P1.

[38] 12 Del. C. § 508.

[39] *Id.*

[40] *Matter of Perez,* 1998 WL 229429, at *2 (Del. Ch. Apr. 15, 1998).

[41] *Matter of Estate of McGalliard*, 1995 WL 106481, at *2 (Del. Ch. Feb. 8, 1995) (*citing McCoy v. McCoy,* Ala.Supr., 548 So2d 53, 56 (1989).

18.     In *S.B. v. Bureau of Child Support*, the Delaware Supreme Court held that credible evidence establishing that parties had social contact during the time of conception represented a preponderance of the evidence indicating paternity. [42]

19.     In the present case, I am satisfied that the evidence presented by the Petitioner supports a finding by a preponderance of the evidence that the Petitioner and the Decedent were biological siblings. Decedent's participation in the Fuller family reunions as the son of John Fuller, and the pamphlets thereof, are credible evidence that Decedent was a child of John Fuller, father of Petitioner. Making Decedent the Petitioner's biological brother. In addition, Petitioner's identification by the Decedent as the Decedent's "next of kin" and "sister" supports the conclusion that the Decedent and the Petitioner were siblings. Further, I also find Petitioner's supporting testimony credible regarding accompanying her father to visit the Decedent when they were children.

20.     Under 12 Del. C. § 506, half blood siblings inherit the same as full blood for the purposes of intestate succession.

21.     For the reasons set forth above, I recommend the following:

    a. The Petitioner, Diane Kennedy be declared as the biological sister of John Wayne Evans;

---

[42] 1984 WL 484515, at *3 (Del. Super. Ct. Jan. 25, 1984).

7

b. The Petitioner is a beneficiary of the Estate of John Wayne Evans;

c. The Personal Representative is ordered to file any documents necessary to amend the Inventory and/or Accountings of the Estate of John Wayne Evans to identify the Petitioner as the Decedent's sister, to the extent necessary; and

d. Any other potential heirs of the Estate of John Wayne Evans, such as such as Jeremy Williams, the son of Geraldine, shall be included on the Register of Wills inventory to the extent it has been established that he is an heir in accordance with the laws of intestate succession.

22. This is a final report pursuant to Court of Chancery Rules 143 and 144. Exceptions may be taken within eleven days of the date hereof.[43]

/s/ Loren Mitchell
Loren Mitchell

Magistrate in Chancery

---

[43] *See* Ct. Ch. R. 144(d)(1) ("In actions that are not summary in nature or in which the Court has not ordered expedited proceedings, any party taking exception shall file a notice of exceptions within eleven days of the date of the report.").